Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER STROSS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, a Delaware Limited Liability Company d/b/a "YouTube"; and DOES 1 through 10, <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |

ALEXANDER STROSS ("STROSS" or "Plaintiff"), through counsel, hereby prays to this honorable Court for relief based on Defendant GOOGLE LLC's ("YOUTUBE") acts of contributory copyright infringement and the proliferation of copyright-infringing content that YOUTUBE has knowingly allowed, contributed to, and financially benefitted from:

### JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a)-(b).

3.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4.      STROSS is a professional photographer residing in Austin, Texas.

5.      YOUTUBE is a Delaware limited liability company with a principal place of business at located at 1600 Amphitheatre Parkway, Mountain View, CA 94043. YOUTUBE is the owner, operator, and/or controller of the website youtube.com and its related and affiliated subdomains (collectively, "YOUTUBE'S Platform"). YOUTUBE maintains one or more offices in Los Angeles, California and/or this judicial district.

6.      Upon information and belief, Plaintiff alleges that Defendants DOES 1 through 10 ("DOE Defendants") (collectively with YOUTUBE, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7.      Upon information and belief, Plaintiff alleges that, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**YOUTUBE'S PLATFORM AND NOMINAL PROCESS FOR REMOVING**

**COPYRIGHT-INFRINGING CONTENT**

8. YOUTUBE'S Platform is a hugely successful online multimedia (including videos, audio, graphics, and photos) sharing and social media website. It is the second most visited website after google.com, generates billions of dollars in revenue annually, and has had an unprecedent social impact by influencing popular culture and Internet trends, among other things. However, YOUTUBE and YOUTUBE'S Platform have been widely criticized for spreading misinformation, violating users' privacy, enabling censorship, endangering child safety and wellbeing, and rampant copyright infringement. This case concerns a small part of the widespread infringement of copyrights on YOUTUBE'S Platform, namely, the infringement of STROSS' copyrights in the Subject Works (defined below).

9. Users of YOUTUBE'S Platform who upload content agree to YOUTUBE'S PLATFORM's Terms of Service, including "agree[ing] not to upload anything that infringes on anyone else's rights." YOUTUBE maintains the right and ability to remove IP-infringing content.

10. If a copyright holder believes that content on YOUTUBE'S Platform infringes their copyright(s) in their protected work(s), the copyright holder can, *inter alia*, contact YOUTUBE via email at copyright@youtube.com. If a copyright holder does so to submit a claim of copyright infringement, YOUTUBE asks for (1) contact information (of the copyright holder or authorized representative); (2) a description of the copyrighted work(s) allegedly infringed; (3) web addresses ("URLs") of the allegedly infringing content; (4) a declaration; and (5) a signature (collectively, a "Takedown Notice"). These elements are essentially the elements of an effective Takedown Notice under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

11. If a copyright owner submits a valid Takedown Notice, YOUTUBE represents that it will take down the complained-of content and apply a "copyright

1  strike" to the account of the user who uploaded that content to YOUTUBE'S

2  Platform. If a user gets three copyright strikes in 90 days, their account, along with

3  any associated channels, will be terminated.

4      12.     YOUTUBE also reserves the right to suspend or terminate a user's

5  access to all or part of YOUTUBE'S Platform if (a) the user materially or

6  repeatedly breaches YOUTUBE'S Platform's Terms of Service; (b) YOUTUBE is

7  required to do so to comply with a legal requirement or a court order; or (c)

8  YOUTUBE believes there has been conduct that creates (or could create) liability

9  or harm to any user, third party, itself, or its affiliates.

10  **YOUTUBE TURNS A BLIND EYE TO UNAUTHORIZED CONTENT**

11  **INFRINGING STROSS' COPYRIGHTS IN THE SUBJECT WORKS**

12      13.     STROSS is a professional photographer who owns, among other

13  things, 214 original photographs and videos registered with the U.S. Copyright

14  Office under U.S. Copyright Reg. Nos. PAu003754664, PAu003761469,

15  PAu003963070, VAu000989644, VAu001088759, VAu001089810,

16  VAu001103498, VAu001129745, VAu001141050, VAu001198970,

17  VAu001199288, VAu001201815, VAu001216750, VAu001217637, and

18  VAu001219537 (collectively, the "Subject Works").

19      14.     Upon information and belief, Plaintiff alleges that following the

20  publication and display of the Subject Works, users on YOUTUBE'S Platform

21  uploaded, downloaded, stored, copied, reproduced, published, displayed, created

22  derivative works of, distributed, transmitted, modified, manipulated, and/or

23  otherwise used the Subject Works on YOUTUBE'S Platform and servers without

24  license, authorization, or consent from STROSS (collectively, the "Infringing

25  Uses"). True and correct screen captures of representative examples of the

26  Infringing Uses are set forth in **Exhibit 1**.

27      15.     On March 20, 2021, STROSS sent a Takedown Notice to YOUTUBE

28  via email at copyright@youtube.com regarding the unauthorized use of certain of

1  the Subject Works on YOUTUBE'S Platform. The Notice contained the

2  information required for an effective Takedown Notice under the DMCA and

3  YOUTUBE'S Platform's Terms. YOUTUBE did not respond.

4        16.    To date, YOUTUBE has not removed the complained-of Infringing

5  Uses.

6        17.    On March 25, 2021, STROSS sent another Takedown Notice to

7  YOUTUBE regarding the unauthorized use of the Subject Works on YOUTUBE'S

8  Platform. The Notice again contained all information required for an effective

9  Takedown Notice under the DMCA and YOUTUBE'S Platform's Terms. On April

10  24, 2021, without having removed or disabled access to a single Infringing Use,

11  YOUTUBE provided the following response to STROSS:

12

13  Hello,

14  Thanks for contacting the YouTube Copyright compliance team. If your issue is a general help inquiry (for example, regarding a copyright strike or a Content ID claim), please understand that those won't be answered here. You may want to check out our Copyright Troubleshooter in order to find a solution for your copyright issue.

15  To expedite our ability to investigate your inquiry, we encourage you to submit any copyright takedown requests electronically via the instructions here. You can find the requirements of copyright takedown requests, and information about our copyright policy, in our Copyright Center. Please make sure that you've provided us with all of the required information in order to process your request.

16  Regards,

17  The YouTube Legal Support Team

18        18.    To date, YOUTUBE has not removed the complained-of Infringing

19  Uses.

20        19.    On October 26, 2021, STROSS' counsel sent a third Takedown

21  Notice to YOUTUBE. Like the previous two Notices, the third Notice contained

22  all information required for an effective Takedown Notice under the DMCA and

23  YOUTUBE'S Platform's Terms, including (1) a table of each Subject Work

24  matched to screen captures of the corresponding Infringing Use(s) and their

25  respective URLs, and (2) an additional list of those URLs in clickable form. A

26  representative example is below:

27

28



https://www.youtube.com/watch?v=Hpasuf5dAdM

20.     YOUTUBE confirmed receipt of the October 26, 2021 Takedown

Notice that same day with the following response:

> Hello,
> Thanks for contacting the YouTube Copyright compliance team.
> Due to the recent global health crisis related to coronavirus (COVID-19), some of our normal review processes have been disrupted. We can only handle copyright takedown requests, requests to retract a claim of copyright infringement, and counter notifications.
> Based on our automated classification logic, it appears to our systems that your issue is likely a general help inquiry, such as a copyright strike or a Content ID claim. Please understand that we cannot answer general questions at this time. You may want to check out our Copyright Troubleshooter to find a solution for your copyright issue.
> If your issue is in fact a takedown request, counter notification, or retraction, we'd still like to help. You're welcome to try submitting your request again, making sure that all requirements of a complete copyright takedown notice or counter notification are included in your email. However, we encourage you to submit your copyright takedown requests via our takedown webform, which will expedite our ability to investigate your inquiry.
> If you're trying to submit a counter notification, please follow the instructions in our Help Center. You can also retract a claim of copyright infringement you've made by following these instructions. Make sure that you've given us all of the required information to process your request.
> We appreciate your patience and understanding.
> Regards,
> The YouTube Legal Support Team

21.     To date, YOUTUBE has not removed the complained-of Infringing

Uses.

22.     On April 21, 2022, STROSS sent a Takedown Notice to YOUTUBE

via email at copyright@youtube.com regarding the unauthorized use of certain of

the Subject Works on YOUTUBE'S Platform. The Notice contained the

information required for an effective Takedown Notice under the DMCA and

YOUTUBE'S Platform's Terms. YOUTUBE did not respond.

COMPLAINT

23.    To date, YOUTUBE has not removed the complained-of Infringing Uses.

24.    Indeed, although *well over a year* has passed since STROSS' first Notice, YOUTUBE has failed to remove a single Infringing Use.

25.    YOUTUBE'S knowledge of the Infringing Uses, repeated and continuing failures to remove the Infringing Uses or even attempt to comply with the DMCA notice-and-takedown process, failure to enforce a repeat infringer policy that adequately deters the proliferation of the Infringing Uses on its Platform, and the financial benefits YOUTUBE has reaped and continues to reap from all of the above, have necessitated this action.

## FIRST CLAIM FOR RELIEF

### (For Contributory Copyright Infringement - Against YOUTUBE)

26.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

27.    YOUTUBE has the right and ability to supervise its Platform and the content posted thereon, including removing copyright-infringing content. YOUTUBE also has the right and ability to oversee the uses of the Infringing Uses on its Platform. Accordingly, YOUTUBE is in the best position to remove and prevent copyright-infringing content from its Platform.

28.    Since at least as early as March 2021, YOUTUBE has had actual knowledge, and/or has been aware of the facts or circumstances, of the Infringing Uses (i.e., specific infringing material on its Platform). The information provided in the three Takedown Notices that YOUTUBE received contained the types of information called for under YOUTUBE'S Platform's Terms of Service and the DMCA. Moreover, those three Takedown Notices presented and formatted that information based on the relationship between the means for finding the Infringing Uses (i.e., screenshots and URLs) and the Infringing Uses themselves.

29.     YOUTUBE has the tools, resources, staff, technological capabilities, and knowledge of/about photographs on its Platform and servers (including the Infringing Uses) to locate and remove the Infringing Uses, and thereby prevent further infringement of STROSS' copyrights in the Subject Works. Indeed, doing so requires only simple measures from YOUTUBE. Yet YOUTUBE has failed to remove, or disable access to, the Infringing Uses. Instead, despite its actual knowledge and awareness of the Infringing Uses, YOUTUBE continues to materially contribute to, and/or induce, further use of the Infringing Uses by (1) failing to act; and (2), *inter alia* and upon information and belief, continuing to provide access to the Infringing Uses by allowing users to (a) select the Infringing Uses for upload, download, transmission, and/or distribution, as well as initiate and instigate the display of those Uses on YOUTUBE'S Platform; and (b) store, cache, and/or distribute multiple copies of the Infringing Uses on YOUTUBE'S servers and Platform.

30.     And, upon information and belief, YOUTUBE has failed to adequately enforce its repeat infringer policy with respect to the Infringing Uses and the users who posted them, as evidenced by, *inter alia*, YOUTUBE's continued display and distribution of the Infringing Uses with no evident action taken against the users who posted them.

31.     The combination of YOUTUBE'S knowledge and awareness of the Infringing Uses (in addition to knowing full well the extent of copyright infringement that occurs on its Platform), its failure to remove or disable access to the Infringing Uses (or take any meaningful measure(s) to stem the spread of copyright-infringing content) after obtaining that knowledge and awareness, and its failure to adequately enforce its repeat infringer policy, removes any potential safe harbor protection afforded to YOUTUBE under the DMCA, 17 U.S.C. § 512.

32.     Due to YOUTUBE'S acts of contributory copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

33.     Due to YOUTUBE'S acts of contributory copyright infringement, YOUTUBE has obtained profits it would not have realized but for its contributory infringement of the Subject Works. As such, Plaintiff is entitled to disgorgement of YOUTUBE'S profits attributable to its contributory infringement of the Subject Works in an amount to be established at trial.

34.     Upon information and belief, Plaintiff alleges that YOUTUBE has committed acts of contributory copyright infringement with actual knowledge of, or in reckless disregard for, Plaintiff's copyrights in the Subject Works, which renders those acts willful, intentional, and malicious.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

   a. That Defendants, each of them, their respective agents, and anyone acting in concert with Defendants and/or their agents, be enjoined from using in any way the Subject Works without license, authorization, or consent from Plaintiff or pursuant to an independent legal right (e.g., fair use), including an Order requiring Defendants, and each of them, to remove the Subject Works from YOUTUBE'S Platform and servers;

   b. That Plaintiff be awarded all Defendants' profits attributable to their infringement, plus all Plaintiff's losses, the exact sum to be proven at the time of trial; or alternatively, statutory damages as available under 17 U.S.C. § 504;

   c. That Plaintiff be awarded its attorneys' fees and costs of this action under 17 U.S.C. § 505;

   d. That Plaintiff be awarded pre-judgment interest as allowed; and,

   e. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

COMPLAINT

1         Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ.

2    P. 38 and the 7th Amendment to the United States Constitution.

3

4                             DONIGER/BURROUGHS

5    Dated: June 28, 2022          By:   */s/ Stephen M. Doniger*

6                                 Stephen M. Doniger, Esq.

                              Benjamin F. Tookey, Esq.

7                                 *Attorneys for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT