1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

9

ALEXANDER STROSS, et al.,

10

Plaintiff,

11

12    v.

13

GOOGLE, LLC, et al.,

14

15    Defendants.

Case No. 2:22-cv-04426-RSWL-KS
*Hon. Ronald S.W. Lew Presiding*

STIPULATED PROTECTIVE
ORDER

16

17

18    **Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based**
**on the parties' Stipulated Protective Order ("Stipulation") filed on April 27,**
19
**2023, the terms of the Stipulation to which the parties have agreed are adopted**
20
**as a protective order of this Court (which generally shall govern the pretrial**
21
**phase of this action) except to the extent, as set forth below, that those terms have**
22
**been modified by the Court's amendment of paragraphs 5.2(b) and 12.1 of the**
23
**Stipulation.**

24

25    / /

26    / /

27    / /

28    / /

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, user lists and personal information, and other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which

---

[1]    The Court's additions to the agreed terms of the Stipulation are generally indicated in **bold** typeface, and the Court's deletions are indicated by lines through the text being deleted.

1   may be privileged or otherwise protected from disclosure under state or federal statutes,

2   court rules, case decisions, or common law.  Accordingly, to expedite the flow of

3   information, to facilitate the prompt resolution of disputes over confidentiality of

4   discovery materials, to adequately protect information the parties are entitled to keep

5   confidential, to ensure that the parties are permitted reasonable necessary uses of such

6   material in preparation for and in the conduct of trial, to address their handling at the

7   end of the litigation, and serve the ends of justice, a protective order for such

8   information is justified in this matter.  It is the intent of the parties that information will

9   not be designated as confidential for tactical reasons and that nothing be so

10  designated without a good faith belief that it has been maintained in a confidential,

11  non-public manner, and there is good cause why it should not be part of the public

12  record of this case.

13  2.      DEFINITIONS

14          2.1     Action: This pending federal lawsuit.

15          2.2     Challenging Party: a Party or Non-Party that challenges the designation

16  of information or items under this Order.

17          2.3     "CONFIDENTIAL" Information or Items: information (regardless of

18  how it is generated, stored, or maintained) or tangible things that qualify for protection

19  under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause

20  Statement.

21          2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their

22  support staff).

23          2.5     Designating Party: a Party or Non-Party that designates information or

24  items   that   it   produces   in   disclosures   or   in   responses   to   discovery   as

25  "CONFIDENTIAL"   or   "HIGHLY   CONFIDENTIAL   –   OUTSIDE   COUNSEL

26  ONLY."

27          2.6     Disclosure or Discovery Material: all items or information, regardless of

28  the medium or manner in which it is generated, stored, or maintained (including,

1  among other things, testimony, transcripts, and tangible things), that are produced or

2  generated in disclosures or responses to discovery in this matter.

3       2.7   Expert: a person with specialized knowledge or experience in a matter

4  pertinent to the litigation who (1) has been retained by a Party or its counsel to serve

5  as an expert witness or as a consultant in this Action; (2) is not a past or current

6  employee of a Party or of a Party's competitor; and (3) at the time of retention, is not

7  anticipated to become an employee of a Party or of a Party's competitor.

8       2.8   "HIGHLY   CONFIDENTIAL   –   OUTSIDE   COUNSEL   ONLY"

9  Information or Items: extremely sensitive "Confidential Information or Items,"

10  disclosure of which to another Party or Non-Party would create a substantial risk of

11  serious harm that could not be avoided by less restrictive means.

12       2.9   House Counsel: attorneys who are members in good standing of at least

13  one state bar, who are employees of a Party, and who have responsibility for managing

14  this Action. House Counsel does not include Outside Counsel of Record or any other

15  outside counsel.

16       2.10  Non-Party: any natural person, partnership, corporation, association, or

17  other legal entity not named as a Party to this action.

18       2.11  Outside Counsel of Record: attorneys who are not employees of a party

19  to this Action but are retained to represent or advise a party to this Action and have

20  appeared in this Action on behalf of that party or are affiliated with a law firm which

21  has appeared on behalf of that party, including support staff.

22       2.12  Party: any party to this Action, including all of its officers, directors,

23  employees, consultants, retained experts, and Outside Counsel of Record (and their

24  support staffs).

25       2.13  Producing Party: a Party or Non-Party that produces Disclosure or

26  Discovery Material in this Action.

27       2.14  Professional Vendors: persons or entities that provide litigation support

28  services (e.g., photocopying, videotaping, translating, preparing exhibits or

1  demonstrations, and organizing, storing, or retrieving data in any form or medium, and

2  professional jury or trial consultants) and their employees and subcontractors, who (1)

3  have been retained by a Party or its counsel to provide litigation support services with

4  respect to this action, (2) are (including any employees and subcontractors) not a past

5  or current employee of a Party or of a Party's competitor, and (3) at the time of

6  retention, are not anticipated to become an employee of a Party or of a Party's

7  competitor.

8       2.15   Protected Material: any Disclosure or Discovery Material that is

9  designated as "CONFIDENTIAL" Or "HIGHLY CONFIDENTIAL – OUTSIDE

10  COUNSEL ONLY."

11       2.16   Receiving Party: a Party that receives Disclosure or Discovery Material

12  from a Producing Party.

13  3.   SCOPE

14       The protections conferred by this Stipulation and Order cover not only Protected

15  Material (as defined above), but also (1) any information copied, extracted from, or

16  reflecting Protected Material, in any form; (2) all copies, excerpts, summaries, or

17  compilations of Protected Material; and (3) any testimony, conversations, or

18  presentations by Parties or their Counsel that might reveal Protected Material.

19       Any use of Protected Material at trial shall be governed by the orders of the trial

20  judge. This Order does not govern the use of Protected Material at trial.

21  4.   DURATION

22       Even after final disposition of this litigation, the confidentiality obligations

23  imposed by this Order shall remain in effect until a Designating Party agrees otherwise

24  in writing or a court order otherwise directs. Final disposition shall be deemed to be

25  the later of (1) dismissal  of all claims and defenses in this Action, with or without

26  prejudice; and (2) final judgment herein after the completion and exhaustion of all

27  appeals, rehearings, remands, trials, or reviews of this Action, including the time limits

28  for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be

STIPULATED PROTECTIVE ORDER

1   deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY." Within a

2   reasonable time after the inspecting Party has identified the documents it wants copied

3   and produced, the Producing Party must determine which documents, or portions

4   thereof, qualify for protection under this Order. Then, before producing the specified

5   documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY

6   CONFIDENTIAL – OUTSIDE COUNSEL ONLY" legend to each page that contains

7   Protected Material.

8        (b) for testimony given in depositions or in other pretrial ~~or trial~~

9   ~~proceedings~~, that the Designating Party when practical identify on the record, before

10  the close of the deposition, hearing, or other pre-trial proceeding, all protected

11  testimony and specify the level of protection being asserted. When it is impractical to

12  identify separately each portion of testimony that is entitled to protection and it appears

13  that substantial portions of the testimony may qualify for protection, the Designating

14  Party may invoke on the record (before the deposition, hearing, or other pre-trial

15  proceeding is concluded) a right to have up to 21 days to identify the specific portions

16  of the testimony as to which protection is sought and to specify the level of protection

17  being asserted, during which period the entire transcript shall be treated as "HIGHLY

18  CONFIDENTIAL – OUTSIDE COUNSEL ONLY."   After 21 days, or once the

19  Designating Party has identified the protected portions of the testimony, whichever is

20  earlier, only those portions of the testimony that are appropriately designated for

21  protection within the 21 days shall be covered by the provisions of this Stipulated

22  Protective Order.

23       Parties shall give the other Parties reasonable notice (a minimum of two

24  business days) if they reasonably expect a deposition, hearing or other proceeding to

25  include Protected Material so that the other Parties can ensure that only authorized

26  individuals who have signed the "Acknowledgment and Agreement to Be Bound"

27  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a

28  deposition shall not in any way affect its designation as "CONFIDENTIAL" or

1  "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

2        Transcripts containing Protected Material shall have an obvious legend on
3  the title page that the transcript contains Protected Material, and the title page shall be
4  followed by a list of all pages (including line numbers as appropriate) that have been
5  designated as Protected Material and the level of protection being asserted by the
6  Designating Party. The Designating Party shall inform the court reporter of these
7  requirements. Any transcript that is prepared before the expiration of a 21-day period
8  for designation, if that period is properly invoked, shall be treated during that period as
9  if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
10  ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the
11  transcript shall be treated only as actually designated.

12        (c) for information produced in some form other than documentary and
13  for any other tangible items, that the Producing Party affix in a prominent place on the
14  exterior of the container or containers in which the information is stored the legend
15  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL
16  ONLY," if practicable, or otherwise designate the specific material as such in writing.

17      5.3    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent
18  failure to designate qualified information or items does not, standing alone, waive the
19  Designating Party's right to secure protection under this Order for such material.  Upon
20  timely correction of a designation, the Receiving Party must make reasonable efforts
21  to assure that the material is treated in accordance with the provisions of this Order.

22  6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

23      6.1    <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a
24  designation of confidentiality at any time that is consistent with the Court's
25  Scheduling Order.

26      6.2    <u>Meet and Confer.</u> The Challenging Party Shall initiate the dispute
27  resolution process under Civil Local Rule 37-1 et seq.

28      6.3    The burden of persuasion in any such challenge proceeding shall be on

1  the Designating Party. Frivolous challenges, and those made for an improper purpose

2  (e.g., to harass or impose unnecessary expenses and burdens on other parties), may

3  expose the Challenging Party to sanctions. Unless the Designating Party has waived or

4  withdrawn the confidentiality designation or unless otherwise resolved by agreement

5  between the parties, all parties shall continue to afford the material in question the

6  level of protection to which it is entitled under the Producing Party's designation

7  until the Court rules on the challenge.

8  7.   ACCESS TO AND USE OF PROTECTED MATERIAL

9      7.1    Basic Principles. A Receiving Party may use Protected Material that is

10 disclosed or produced by another Party or by a Non-Party in connection with this

11 Action only for prosecuting, defending, or attempting to settle this Action, and

12 such Protected Material shall not be used for any business purpose, in connection with

13 any other legal proceeding, or directly or indirectly for any other purpose whatsoever.

14 Such Protected Material may be disclosed only to the categories of persons and under

15 the conditions described in this Order. When the Action has been terminated, a

16 Receiving Party must comply with the provisions of Section 13 below (FINAL

17 DISPOSITION).

18     Protected Material must be stored and maintained by a Receiving Party at a

19 location and in a secure manner that ensures that access is limited to the persons

20 authorized under this Order.

21     7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

22 otherwise ordered by the Court or permitted in writing by the Designating Party, a

23 Receiving Party may disclose any information or item designated "CONFIDENTIAL"

24 only to:

25     (a) the Receiving Party's Outside Counsel of Record in this Action, as

26 well as employees of said Outside Counsel of Record to whom it is reasonably

27 necessary to disclose the information for this Action;

28     (b) the officers, directors, employees (including House Counsel and

1  supporting personnel employed by any Party's legal department); and contractors of

2  the Receiving Party to whom disclosure is reasonably necessary for this Action and

3  who have signed the "Acknowledgment and Agreement to Be Bound" that is attached

4  hereto as Exhibit A;

5         (c) Experts (as defined in this Order) of the Receiving Party to whom

6  disclosure is reasonably necessary for this Action and who have signed the

7  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8         (d) the Court and its personnel;

9         (e) court reporters and their staff;

10        (f) professional jury or trial consultants, mock jurors, contract attorneys

11 retained to assist with the review of Discovery Material, and Professional Vendors to

12 whom disclosure is reasonably necessary for this Action and who have signed the

13 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14        (g) the author or recipient of a document containing the information or a

15 custodian or other person who otherwise possessed or knew the information;

16        (h) during their depositions, witnesses, and attorneys for witnesses, in the

17 Action to whom disclosure is reasonably necessary provided: (1) the deposing party

18 requests that the witness sign the form attached as Exhibit A hereto; and (2) they will

19 not be permitted to keep any Protected Material, unless otherwise agreed by the

20 Designating Party or ordered by the Court. Pages of transcribed deposition testimony

21 or exhibits to depositions that reveal Protected Material may be separately bound by

22 the court reporter and may not be disclosed to anyone except as permitted under this

23 Stipulated Protective Order; and

24        (i) any mediator or settlement officer, and their supporting personnel,

25 mutually agreed upon by any of the parties engaged in settlement discussions.

26     7.3    Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

27 ONLY" Information or Items. Protected Material designated "HIGHLY

28 CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and the contents therein shall be

1  available only to the persons or entities listed in paragraphs 7.2(a), (c)-(i), subject to

2  any terms set forth or incorporated therein, and not to any person or entity listed in

3  paragraph 7.2(b).

4  8.        PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

5  IN OTHER LITIGATION

6        If a Party is served with a subpoena or a court order issued in other litigation that

7  compels disclosure of any Protected Material, that Party must:

8            (a) promptly notify in writing the Designating Party and their counsel.

9  Such notification shall include a copy of the subpoena or court order;

10           (b) promptly notify in writing the party who caused the subpoena or order

11 to issue in the other litigation that some or all of the material covered by the subpoena

12 or order is subject to this Protective Order. Such notification shall include a copy of

13 this Stipulated Protective Order; and

14           (c) cooperate with respect to all reasonable procedures sought to be

15 pursued by the Designating Party whose Protected Material may be affected.

16        If the Designating Party timely seeks a protective order, the Party served with

17 the subpoena or court order shall not produce any information designated in this Action

18 as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

19 ONLY" before a determination by the court from which the subpoena or order issued,

20 unless the Party has obtained the Designating Party's permission. The Designating

21 Party shall bear the burden and expense of seeking protection in that court of its

22 confidential material, and nothing in these provisions should be construed as

23 authorizing or encouraging a Receiving Party in this Action to disobey a lawful

24 directive from another court. If the Designating Party does not seek a protective order

25 within fifteen (15) business days of the date written notice is given and provide notice

26 of same to the subpoenaed party, the subpoenaed party may produce Protected Material

27 in response thereto, but shall designate such documents in accordance with the terms

28 of this Order.

1  9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED
2  IN THIS LITIGATION

3          (a) The terms of this Order are applicable to information produced by a
4  Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY
5  CONFIDENTIAL – OUTSIDE COUNSEL ONLY." Such information produced by
6  Non-Parties in connection with this litigation is protected by the remedies and relief
7  provided by this Order. Nothing in these provisions should be construed as prohibiting
8  a Non-Party from seeking additional protections.

9          (b) In the event that a Party is required, by a valid discovery request, to
10  produce a Non-Party's confidential information in its possession, and the Party is
11  subject to an agreement with the Non-Party not to produce the Non-Party's confidential
12  information, then the Party shall:

13          (1) promptly notify in writing the Requesting Party and the Non-
14  Party that some or all of the information requested is subject to a confidentiality
15  agreement with a Non-Party;

16          (2) promptly provide the Non-Party with a copy of the Stipulated
17  Protective Order in this Action, the relevant discovery request(s), and a reasonably
18  specific description of the information requested; and

19          (3) make the information requested available for inspection by the
20  Non-Party, if requested.

21          (c) If the Non-Party fails to seek a protective order from this Court within
22  14 days of receiving the notice and accompanying information, the Receiving Party
23  may produce the Non-Party's confidential information responsive to the discovery
24  request. If the Non-Party timely seeks a protective order, the Receiving Party shall not
25  produce any information in its possession or control that is subject to the confidentiality
26  agreement with the Non-Party before a determination by the Court. Absent a court
27  order to the contrary, the Non-Party shall bear the burden and expense of seeking
28  protection in this Court of its Protected Material.

STIPULATED PROTECTIVE ORDER

1  10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

2      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

3  Protected Material to any person or in any circumstance not authorized under this

4  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

5  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

6  all unauthorized copies of the Protected Material, (c) inform the person or persons to

7  whom unauthorized disclosures were made of all the terms of this Order, and (d)

8  request such person or persons to execute the "Acknowledgment and Agreement to Be

9  Bound" that is attached hereto as Exhibit A.

10      If a Receiving Party or person authorized to access Protected Material

11  ("Authorized Recipient") discovers any loss of Protected Material or a breach of

12  security, including any actual or suspected unauthorized access, relating to another

13  party's Protected Material, the Receiving Party or Authorized Recipient shall: (1)

14  promptly stop the unauthorized breach; (2) promptly (within 72 hours) provide written

15  notice to Designating Party of such breach, including information regarding the size

16  and scope of the breach (to the extent known); and (3) investigate and make reasonable

17  efforts to remediate the effects of the breach. In any event, the Receiving Party or

18  Authorized Recipient shall promptly take all necessary, appropriate, and feasible

19  corrective action to terminate any unauthorized access.

20  11.   <u>PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE   PROTECTED</u>

21        <u>MATERIAL</u>

22      When a Producing Party gives notice to Receiving Parties that certain produced

23  material is subject to a claim of privilege or other protection, the obligations of the

24  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

25  This provision is not intended to modify whatever procedure may be established in an

26  e-discovery order that provides for production without prior privilege review. If

27  information is produced in discovery that is subject to a claim of privilege or of

28  protection as trial-preparation material, the party making the claim may notify any

1   party that received the information of the claim and the basis for it.  After being

2   notified, a party must promptly return or destroy the specified information and any

3   copies it has and may not sequester, use, or disclose the information until the claim is

4   resolved.  This includes a restriction against presenting the information to the Court for

5   a determination of the claim.

6        Any disclosure of communications, information, or documents covered by the

7   attorney-client privilege or work-product protection is not a waiver of the privilege or

8   protection from discovery in this case or in any other federal or state proceeding.

9        This Order shall be interpreted to provide the maximum protection allowed by

10  Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of

11  Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the

12  elements of Rule 502(b) to properly assert the attorney-client privilege or work-product

13  protection over disclosed communications, information, and documents.

14       Nothing contained herein is intended to or shall serve to limit a party's right to

15  conduct a review of communications, information, or documents for relevance,

16  responsiveness and/or segregation of privileged and/or protected information before

17  production.

18       The parties represent that they will not make such privilege or work-product

19  claims for tactical reasons, and that nothing will be so claimed without a good faith

20  belief.

21  12.   MISCELLANEOUS

22       12.1    Right to Further Relief. Nothing in this Order abridges the right of any

23  person to seek its modification by agreement with other Parties or by applying to the

24  Court if such agreement cannot be reached. **Any modification takes effect only upon**

25  **a court order approving it.** Furthermore, without application to the Court, any Party

26  that is a beneficiary of the protections of this Order may enter a written agreement

27  releasing any other Party hereto from one or more requirements of this Order even if

28  the conduct subject to the release would otherwise violate the terms herein.

1      12.2    <u>Right to Assert Other Objections.</u> By stipulating to the entry of this

2  Protective Order, no Party waives any right it otherwise would have to object to

3  disclosing or producing any information or item on any ground not addressed in this

4  Stipulated Protective Order. Similarly, no Party waives any right to object on any

5  ground to use in evidence of any of the material covered by this Protective Order.

6      12.3    <u>Filing Protected Material.</u> Without written permission from the

7  Designating Party or a Court order secured after appropriate notice to all interested

8  persons, a Party may not file in the public record in this action any Protected Material.

9  A Party that seeks to file under seal any Protected Material must comply with Civil

10 Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court

11 order authorizing the sealing of the specific Protected Material at issue. If a Party's

12 request to file Protected Material under seal is denied by the court, then the Receiving

13 Party may file the information in the public record unless otherwise instructed by the

14 court.

15     12.4    <u>Use of Protected Material at Hearing or Trial.</u>  A Party shall provide a

16 minimum of two business days' notice to the Producing Party in the event that a Party

17 intends to use any Protected Information during any hearing or trial.  Subject to any

18 challenges under Section 6, the Parties will not oppose any reasonable request by the

19 Producing Party that the courtroom be sealed, if allowed by the Court, during the

20 presentation of any testimony, evidence, or argument relating to or involving the use

21 of any Protected Material.

22     12.5    <u>Communications with Testifying Experts.</u> Testifying experts shall not be

23 subject to discovery of any draft of their reports in this case and such draft reports,

24 notes, outlines, or any other writings leading up to an issued report(s) in this litigation

25 are exempt from discovery. In addition, all communications between counsel for a

26 Party and that Party's testifying expert, and all materials generated by a testifying

27 expert with respect to that person's work, are exempt from discovery unless they relate

28 to the expert's compensation or identify facts, data or assumptions relied upon by the

STIPULATED PROTECTIVE ORDER

1 expert in forming any opinions in this litigation and such information is not already

2 disclosed in the expert's report.

3      12.6  Post-Filing Communications. No Party shall be required to identify on

4 their respective privilege log any communication with House Counsel or Outside

5 Counsel of Record dated on or after the filing of the lawsuit. Each Party shall prepare

6 a privilege log consistent with the provisions of C.C.P. § 2031.240(c) and shall

7 exchange their respective privilege logs at a time to be agreed upon by the Parties

8 following the production of documents.

9      12.7  No Limitation on Legal Representation. Nothing in this Stipulated

10 Protective Order shall preclude or impede Outside Counsel of Record's ability to

11 communicate with or advise their client in connection with this litigation based on such

12 counsel's review and evaluation of Protected Material, provided however, that such

13 communications or advice shall not disclose or reveal the substance or content of any

14 Protected Material other than as permitted under this Protective Order.

15      12.8  Producing Party's Protected Material. Nothing in this Order shall limit

16 any Producing Party's use or disclosure of its own Protected Material.

17      12.9  Agreement Upon Execution. Each of the Parties agrees to be bound by the

18 terms of this Stipulated Protective Order as of the date counsel for such Party executes

19 this Stipulated Protective Order, even if prior to entry of this order by the Court.

20      12.10 Data Security.  Any person in possession of Protected Material will

21 maintain appropriate administrative, technical, and organizational safeguards

22 ("Safeguards") that protect the security and privacy of Protected Material and limit the

23 collection, storage, disclosure, use of, or access to Protected Material solely to

24 personnel and purposes authorized by this Order. As part of these Safeguards, each

25 person will use a secure transfer method for all transfers or communication of Protected

26 Material, and take reasonable measures to protect that Material. Each person will

27 ensure that anyone acting on that person's behalf is subject to the Safeguards or

28 otherwise provides appropriate protections for the security and privacy of Protected

STIPULATED PROTECTIVE ORDER

1  Material.

2      12.11 <u>Interpretation, Enforcement and Continuing Jurisdiction.</u> The District

3  Court for the Central District of California is responsible for the interpretation and

4  enforcement of this Stipulated Protective Order. After termination of this litigation, the

5  provisions of this Stipulated Protective Order shall continue to be binding except with

6  respect to that Disclosure or Discovery Material that becomes a matter of public

7  record. This Court retains and shall have continuing jurisdiction over the Parties and

8  recipients of the Protected Material for enforcement of the provisions of this Stipulated

9  Protective Order following termination of this litigation. All disputes concerning

10  Protected Material produced under the protection of this Stipulated Protective Order

11  shall be resolved by the District Court for the Central District of California.

12  13.   <u>FINAL DISPOSITION</u>

13      Within 60 days after the final disposition of this Action, as defined in Section 4

14  (DURATION), each Receiving Party shall, at the option of the Producing Party, either

15  return all Protected Material it has received to the Producing Party or destroy such

16  material, and shall destroy in whatever form stored or reproduced, all copies, abstracts,

17  compilations, summaries, and any other format reproducing, discussing, analyzing, or

18  capturing any of the Protected Material.  Whether the Protected Material is returned or

19  destroyed, the Receiving Party must submit a written certification to the Producing

20  Party (and, if not the same person or entity, to the Designating Party) by the 60 day

21  deadline that (1) identifies (by category, where appropriate) all the Protected Material

22  that was returned or destroyed; and (2) affirms that the Receiving Party has not retained

23  any copies, abstracts, compilations, summaries, or any other format reproducing or

24  capturing any of the Protected Material. In the event that a Party is dismissed before

25  the entry of a final non-appealable judgment or order, this same procedure shall apply

26  to  any  Protected  Material  received  from  or  produced  to  the  dismissed

27  Party. Notwithstanding this provision, Outside Counsel of Record are not required to

28  delete Protected Material that may reside on their respective firm's electronic back-up

1  systems that are over-written in the normal course of business. Notwithstanding this

2  provision, Counsel are entitled to retain an archival copy of all pleadings, motion

3  papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

4  deposition and trial exhibits, expert reports, attorney work product, and consultant and

5  expert work product, even if such materials contain Protected Material. Any such

6  archival copies that contain or constitute Protected Material remain subject to this

7  Protective Order as set forth in Section 4 (DURATION).

8  14.     VIOLATIONS. Any violation of this Order may be punished by any and all

9  appropriate measures including, without limitation, contempt proceedings and/or

10  monetary sanctions. In the event motion practice is required to enforce the terms of this

11  Order, the prevailing Party on such a motion shall be awarded costs, expenses, and

12  fees, including reasonable attorneys' fees, incurred in connection with the discovery of

13  the violation and the preparation, filing, and arguing of the motion or any other

14  proceedings resulting from the violation.

15

16  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

17  Dated: April 28, 2023      By:  */s/ Stephen M. Doniger*
18                                  Stephen M. Doniger (SBN 179314)
19                                  stephen@donigerlawfirm.com
                                    Benjamin F. Tookey (SBN 330508)
20                                  btookey@donigerlawfirm.com
21                                  DONIGER / BURROUGHS
                                    603 Rose Avenue
22                                  Venice, California 90291
                                    Telephone: (310) 590-1820
23                                  *Attorneys for Plaintiff*
24
25  Dated: April 28, 2023      By:  */s/ Angela L. Dunning*
                                    Angela L. Dunning (SBN 212047)
26                                  adunning@cooley.com
                                    COOLEY LLP
27                                  3175 Hanover Street
28                                  Palo Alto, California 94304-1130

STIPULATED PROTECTIVE ORDER

Telephone: (650) 843-5000

Bobby Ghajar (SBN 198719)
bghajar@cooley.com
Colette Ghazarian (SBN 322235)
cghazarian@cooley.com
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone: (310) 883-6400
*Attorneys for Defendant*

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: April 28, 2023

*Karen L. Stevenson*

Honorable Karen L. Stevenson
Chief Magistrate Judge

STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Alexander Stross v. Google, LLC, et al.*, Case No. 2:22-cv-04426-RSWL-KS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER