'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALEXANDER STROSS, | CV 22-04426-RSWL-KSx |
|---|---|
| Plaintiff, | **ORDER re:** |
| v. | **Defendant's Motion to Consolidate Cases** [27] |
| GOOGLE, LLC, | |
| Defendant. | |

Plaintiff Alexander Stross ("Plaintiff") brings this Action against Defendant Google, LLC ("Defendant") alleging contributory copyright infringement. Currently before the Court is Defendant's Motion to Consolidate Cases ("Motion") [27].

Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Defendant's Motion.

///

///

1

# I. BACKGROUND

## A. Factual Background

Plaintiff alleges in his Complaint that:

Plaintiff is a professional photographer. Compl. ¶ 4, ECF No. 1. Plaintiff owns 214 original photographs and videos ("Subject Works") registered with the U.S. Copyright Office. Id. ¶ 13. Defendant is a limited liability company that runs a successful online multimedia sharing and social media website called "YouTube," which spreads misinformation and causes rampant copyright infringement. Id. ¶ 8.

YouTube users agree to not infringe on "anyone else's rights" while Defendant maintains the right and ability to remove content which infringes on others' intellectual property. Id. ¶ 9. Defendant has a policy in place for when copyright holders believe that content on YouTube infringes on their copyrights, in which the copyright holders can request that Defendant remove the infringing content from YouTube. Id. ¶¶ 10-11. Defendant can also suspend or terminate users' access to YouTube if they continue to infringe on others' copyrights. Id. ¶ 12.

YouTube users have used and displayed Plaintiff's Subject Works without Plaintiff's consent. Id. ¶ 14. On March 20, 2021, Plaintiff requested that Defendant remove the Subject Works from YouTube. Id. ¶ 15. On March 25, 2021, Plaintiff sent another request to Defendant to take down and remove the Subject Works from

YouTube. Id. ¶ 17. Defendant never complied with Plaintiff's requests. Id. ¶¶ 16, 18. Even after multiple requests by Plaintiff, Defendant still failed to terminate the infringing users' YouTube access and take down the Subject Works from YouTube. Id. ¶¶ 19-25.

**B.  Procedural Background**

On June 28, 2022, Plaintiff filed his Complaint [1]. On August 30, 2022, Plaintiff filed a Notice of Related Cases designating Alexander Stross v. Sourav Khatua et al., Case No. 2:22-cv-05168-JFW-PVC (the "Khatua Case") as related to the instant Action [21]. In Alexander Stross v. Sourav Khatua, a set of defendants (the "Khatua Defendants") allegedly infringed on a few of the Subject Works that are at issue in this Action. On August 31, 2022, the Court declined the requested transfer of Alexander Stross v. Sourav Khatua. On January 10, 2023, Defendant filed the instant Motion [27] to consolidate the Khatua Case with this instant Action. On January 24, 2023, Plaintiff opposed [31]. On January 31, 2023, Defendant replied [33].

## II.  DISCUSSION

**A.  Legal Standard**

Federal Rule of Civil Procedure ("Rule") 42(a) permits a court to consolidate actions involving a common question of law or fact if doing so serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." Inv.

1  Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. Of Cal., 877
2  F.2d 777 (9th Cir. 1989).  In determining whether to
3  consolidate actions, the court weighs the interest of
4  judicial convenience against the potential for delay,
5  confusion, and prejudice caused by consolidation.  Sw.
6  Marine, Inc., v. Triple a Mach. Shop, Inc., 720 F. Supp.
7  805, 807 (N.D. Cal. 1989).
8  **B.   Discussion**
9       Defendant seeks to consolidate Alexander Stross v.
10 Sourav Khatua et al., Case No. 2:22-cv-05168-JFW-PVC and
11 this Action (collectively the "Cases").  See generally
12 Def.'s Mot. to Consolidate Cases ("Mot."), ECF No. 27.
13 Defendant asserts that the two Cases should be
14 consolidated because "the alleged direct infringement by
15 the [Khatua Defendants] in part forms the basis of
16 [Plaintiff's] contributory infringement claims against
17 [Defendant]."  Id. at 2:12-14.  However, "[t]he
18 existence of common issues, while a prerequisite to
19 consolidation, does not compel consolidation."  Dodaro
20 v. Standard Pac. Corp., No. EDCV 09-1666-VAP (OPx), 2009
21 U.S. Dist. LEXIS 136377, at *8 (C.D. Cal. Nov. 16,
22 2009).  In determining whether to consolidate cases, a
23 court weighs "the saving of time and effort
24 consolidation would produce" against "any inconvenience,
25 delay, or expense that it would cause."  Thomas Inv.
26 Partners, Ltd. v. United States, 444 F. App'x 190, 193
27 (9th Cir. 2011).
28      Defendant's Motion is **DENIED** because consolidation

4

would lead to inefficiency and/or inconvenience.  See Bear, Ltd. Liab. Co. v. Marine Grp. Boat Works, Ltd. Liab. Co., No. 3:14-cv-2960-BTM-BLM, 2016 U.S. Dist. LEXIS 131759, at *6 (S.D. Cal. Sep. 23, 2016) ("[I]t remains within the Court's discretion to deny consolidation if it will lead to inefficiency or inconvenience.").  The Khatua Case involves only three alleged direct infringers of the eighty-seven alleged direct infringers in this Action.  See Olaplex, LLC v. Groupon, Inc., No. CV 18-8641 PA (RAOx), 2019 U.S. Dist. LEXIS 231553, at *4 (C.D. Cal. Apr. 19, 2019) (denying a motion to consolidate because the two cases "involve[d] distinct and non-overlapping groups of defendants."). Furthermore, the Khatua Case involves only fifteen of the 214 allegedly infringing photographs in this Action. See Klauber Bros., Inc. v. Forever 21 Retail, Inc., No. CV 14-2148 DMG (JCx), 2015 U.S. Dist. LEXIS 186924, at *5-6 (C.D. Cal. Apr. 9, 2015) (denying a motion to consolidate copyright cases because one of the cases included claims over infringement of copyrighted works that the other two cases did not include).

    Consolidating cases may create inefficiency when "the two actions [] are at [] different stages of litigation." Snyder v. Nationstar Mortg. LLC, No. 15-cv-03049-JSC, 2016 U.S. Dist. LEXIS 83962, at *9 (N.D. Cal. June 28, 2016).  Here, Plaintiff is still trying to serve the Khatua Defendants in the Khatua Case, while in this Action, the Court has already set a

Scheduling Order with discovery deadlines and trial dates approaching. See Dean v. S. Cal. Edison, No. ED CV 12-01435-MWF (DTBx), 2013 U.S. Dist. LEXIS 200318, at *6 (C.D. Cal. Dec. 19, 2013) (denying a motion to consolidate because while in one action the parties "began submitting their initial disclosures," in the other action "the parties [had] not attended a scheduling conference, the court [had] issued no deadlines, and discovery [had] not begun."). Furthermore, the direct infringement claim in the Khatua Case does not raise the same factual and legal questions as the contributory infringement claim in this Action. See Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd., No. 19cv2141 JM(JLB), 2021 U.S. Dist. LEXIS 124445, at *8 (S.D. Cal. July 2, 2021) ("[W]hile the two cases have some factual similarities, [the] [p]laintiffs have alleged different causes of action in these cases, thereby presenting the court with different legal questions.").

Therefore, given that the differences between the two Cases will create more confusion and delay rather than save time and effort, the Court **DENIES** Defendant's Motion.

///
///
///
///
///

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion to Consolidate Cases.

**IT IS SO ORDERED.**

DATED: May 4, 2023          /s/Ronald S.W. Lew
                            **HONORABLE RONALD S.W. LEW**
                            Senior U.S. District Judge